IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

**JOHN JACK LYNCH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 2013-CR-129   Forest A. Durard, Jr., Judge**

_____

**No. M2015-02451-CCA-R3-PC – Filed August 11, 2016**

_____


Petitioner, John Jack Lynch,[1] appeals from the denial of post-conviction relief in which he argued that he received ineffective assistance of counsel.  After a thorough review, we determine Petitioner has failed to show clear and convincing evidence that he received ineffective assistance of counsel.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Brian C. Belden, Fayetteville, Tennessee, for the appellant, John "Jack" Lynch.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert Carter, District Attorney General; and Andrew Wright, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

A jury found Petitioner guilty of a violation of the Habitual Motor Offenders Act, eleventh offense driving under the influence ("DUI"), and violation of the implied consent law.  In a separate trial, he was found guilty of felony failure to appear.  As a result, Petitioner was sentenced to an effective eleven-year sentence.  The convictions were affirmed on direct appeal.  *See State v. John Edward Lynch*, No. M2010-02481-

---

[1] Petitioner is identified in the record by various names, including "John 'Jack' Lynch," "John Edward Lynch," "John Lynch," and "Jack Lynch."

CCA-R3-CD, 2012 WL 3679575, at *1 (Tenn. Crim. App. Aug. 24, 2012), *perm. app. denied* (Tenn. Feb. 13, 2013).

Petitioner first sought post-conviction relief in a pro se petition in November 2013. In the petition, he attacked only his conviction for failure to appear. *John Edward Lynch v. State*, No. M2014-01831-CCA-R3-PC, 2015 WL 2399725, at *1 (Tenn. Crim. App. May 19, 2015). The State filed a response pointing out that Petitioner swore the petition before a Florida notary but listed a West Tennessee address. The State subsequently filed a memo with the post-conviction court notifying the court that the copy of their response was returned and stamped "return to sender." *Id.* An order was given for transport of Petitioner for a hearing. However, Petitioner was moved from state to federal custody with the notation "out to court." As a result, the post-conviction court dismissed the petition without prejudice. Several months later, the post-conviction court sua sponte dismissed the petition on the merits, finding Petitioner was not entitled to relief because he raised the same issues in the post-conviction petition as on direct appeal. Petitioner appealed. *Id.* The order appealed from indicates Petitioner filed "again" a petition for post-conviction relief. According to this Court, there was no petition in the record other than the "same pro se petition he timely filed in November 2013." On appeal, this Court reversed the post-conviction court's judgment and remanded for appointment of counsel in the event Petitioner was indigent and for an evidentiary hearing. *Id.* at *3-4.

On remand, counsel was appointed and an amended petition was filed. In the amended petition, ineffective assistance of counsel was raised as a ground for relief. Specifically, the petition "incorporated" the claims in the pro se petition and additionally alleged that trial counsel was ineffective "when he failed to call Petitioner's wife as a witness in order for Petitioner's wife to offer a reasonable excuse as to why Petitioner . . . failed to appear."

At the evidentiary hearing, Petitioner testified that he was convicted of failure to appear in 2010. At the time, he was represented by two attorneys from the office of the Public Defender. Petitioner recalled that he wanted his wife to testify at the trial so that she could tell the jury that he had a reasonable excuse for failing to appear: that Petitioner and his family moved to Florida after their house burned and a neighbor molested their daughter. Petitioner wanted his wife to testify because he was trying to avoid getting impeached by his own prior criminal history. Petitioner admitted that he had prior convictions for DUI, selling marijuana, and aggravated assault. Petitioner also claimed that he did not want to testify because he was "nuts." In his own words, Petitioner explained:

> I'm crazy. I take mental health medication and I say things I shouldn't say. I'm like Donald Trump[,] I say stupid things and I don't mean to, you know what I mean? But I take 150-miligrams of Trazodone.

I wrote and told [counsel], you know, I'm in a fog. I think I should have got a downward departure because I got mental illness. I have been in two mental institutions, I have taken Trazodone since I have been in prison. I was taking it across the street at the jail.

Petitioner explained that he was "forced" to testify but acknowledged that trial counsel advised him not to testify. He wanted the State of Tennessee to pay for his wife to fly from Florida to Tennessee to testify as a defense witness but claimed that his family would have paid for the airfare.

After Petitioner was convicted at the DUI trial prior to the trial for the failure to appear charge, he no longer wanted counsel's representation. Petitioner claimed that trial counsel "couldn't save Jesus." Petitioner claimed that his father would have hired a new attorney. The trial court declined to remove trial counsel from the case, and Petitioner was, as stated above, ultimately convicted of failure to appear.

Trial counsel testified that at the time of Petitioner's hearing, he had taken twenty to twenty-five cases to trial. Trial counsel recalled meeting with Petitioner on several occasions because he represented Petitioner in two separate cases. Trial counsel was assisted by another attorney from the Public Defender's Office.

Trial counsel acknowledged that the trial was moved forward on the court calendar and that he did not initially request a continuance. Trial counsel was prepared for trial and did not think a continuance was necessary. However, trial counsel asked for a continuance in order to preserve the issue for appeal.

Trial counsel recalled that Petitioner's wife was the only potential witness identified by Petitioner. Trial counsel talked to Petitioner's wife about the facts and circumstances surrounding Petitioner's failure to appear. According to that conversation, trial counsel learned that it was Petitioner's wife who advised Petitioner to leave town or skip court because their house burned and their daughter was molested. Trial counsel determined that Petitioner's wife's testimony would not be beneficial because she did not claim that some sort of "family emergency" occurred that would have justified failing to appear in court. In other words, trial counsel decided Petitioner's wife would not be a beneficial witness because of the potential for damaging testimony on cross-examination. He stated:

[A] family emergency could qualify; however, [Petitioner's] wife telling [Petitioner] to just flat out not come back to court and move to another state and not handle – not try to deal with the charges would not be a good defense. I believe that would just essentially be telling the jury he is guilty.

Trial counsel advised Petitioner not to testify at trial because there was sufficient proof to argue a reasonable defense without his testimony. When Petitioner testified, the State was restricted to the use of Petitioner's prior convictions that fell within the ten-year range. In fact, trial counsel did not recall the State's questioning Petitioner about his prior convictions, in part because he "quickly admitted to the elements of failure to appear."

At the conclusion of the hearing on the petition for post-conviction relief, the post-conviction court took the matter under advisement. In an order dismissing the petition, the post-conviction court noted that trial counsel attempted to secure a continuance so Petitioner's wife could attend trial but that the trial court denied the motion and this Court upheld that decision on direct appeal. The post-conviction court determined there was "nothing more" trial counsel could do at that point because there is "no evidence [Petitioner's wife] would have actually attended the trial and any evidence she would have testified favorably." In addition, the post-conviction court noted that Petitioner failed to bring his wife as a witness to the post-conviction hearing. Finally, the post-conviction court noted that it did not matter if Petitioner "does not like his appointed counsel or has no confidence in his abilities" if trial counsel is an "effective advocate." Moreover, the post-conviction court determined that it "appear[ed] the problem was not with trial counsel but the demeanor of the Petitioner." Finally, the post-conviction court noted Petitioner's motion to have counsel relieved was untimely.

*Analysis*

On appeal, Petitioner argues that trial counsel's failures "both individually and collectively" deprived him of his constitutional right to effective assistance of counsel. Alleging "various inadequacies," Petitioner's brief discusses trial counsel's failure to call Petitioner's wife to testify at trial as the sole source of ineffective assistance of counsel. The State posits that Petitioner failed to prove prejudice by omitting his wife as a witness at the post-conviction hearing and that the post-conviction court properly dismissed the petition.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S.

364, 372 (1993).  A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).  The petitioner is not required to show that he would have been acquitted; a showing of a "reasonable probability of being found guilty of a lesser charge, or [receiving] a shorter sentence" is sufficient to satisfy the prejudice prong.  *Brimmer v. State*, 29 S.W.3d 497, 508 (Tenn. Crim. App. 1998).

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact.  *Burns*, 6 S.W.3d at 461.  This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise."  *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley*, 960 S.W.2d at 578).  This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court.  *Henley*, 960 S.W.2d at 579.  Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court.  *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578).  However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness.  *Fields*, 40 S.W.3d at 458.

In seeking post-conviction relief, petitioners often insist that trial counsel failed to either discover, interview, or call witnesses to testify in favor of the defense.  If a petitioner relies upon this ground for relief in a post-conviction petition, "these witnesses should be presented by the petitioner at the evidentiary hearing."  *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).  Neither this Court nor the post-conviction court is at liberty to speculate what a witness's testimony would have been.  *Id.*  Without the missing witness's testimony, a petitioner cannot show prejudice.  *Id.* at 758.  In this case, Petitioner did not call his own wife to testify at the post-conviction hearing—the very witness he complained trial counsel failed to call at trial.

Moreover, the record does not preponderate against the post-conviction court's conclusion that trial counsel exercised reasonable judgment when deciding not to call Petitioner's wife as a witness.  Trial counsel interviewed Petitioner's wife, who revealed that she actually encouraged Petitioner to "skip" his court appearance.  Trial counsel chose not to call her as a witness because he thought the testimony would be damaging to the case.  As stated above, this Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins*, 911 S.W.2d at 347, and Petitioner did not prove that he was somehow forced to testify solely because his wife did not.  Trial counsel testified that proof about the house fire came in during the State's case-in-chief and counsel was able to argue that Petitioner had a reasonable excuse for failing to appear without the

Petitioner's testimony. Petitioner has failed to show that he is entitled to relief. The judgment of the post-conviction court is, therefore, affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE